# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4252

_____

United States of America

*Plaintiff - Appellee*

v.

Jason Claybron

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 20, 2017
Filed: November 20, 2017
[Unpublished]

_____

Before WOLLMAN and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

_____

PER CURIAM.

A jury convicted Defendant-Appellant Jason Claybron on three separate counts: 1) conspiracy to distribute heroin, 2) possession of heroin with intent to distribute, and 3) possession of cocaine with intent to distribute. Claybron appeals on the grounds that: 1) there was clear error with respect to search warrants, the fruits

_____

[1]The Honorable Richard W. Goldberg, Senior Judge, United States Court of International Trade, sitting by designation.

of which should have been suppressed; 2) the trial court should have suppressed evidence that resulted from an alleged unlawfully prolonged traffic stop; 3) at trial, the court should have excluded certain testimony; and 4) Claybron's motion for a mistrial should have been granted due to prosecutorial misconduct. Finding no merit in these claims, we affirm the decisions of the district court.[2]

## BACKGROUND

Based on information provided by a confidential informant facing federal indictment on drug charges, law enforcement obtained warrants to track two cell phones and a vehicle, a Nissan Juke, associated with Claybron. To safeguard the identity of the confidential informant, the affidavit in support of the warrants identified her merely as a "confidential informant" without reference to her pending federal charges. The confidential informant explained that she had spoken with Claybron about narcotics transactions at a phone number with a 612 area code and that she had witnessed Claybron driving in the Nissan Juke. Police also independently verified Claybron's association with the vehicle and their tracking of the 612 number confirmed that Claybron used that phone in conjunction with his suspected drug operation.

After observing Claybron's vehicle make an earlier trip to Chicago, law enforcement received a tip from the confidential informant that Claybron was again traveling to Chicago to retrieve heroin. On March 30, 2015, using the tracking device obtained as a result of the warrant, officers surveilled the Nissan Juke traveling north from Chicago. Trooper Scott Schneider pulled over the vehicle after observing several traffic violations, at which time he found four individuals: Claybron, in the front passenger seat, a driver, and Claybron's two infant children, in the back of the car. It quickly became evident that the car was a rental, it was not rented to either Claybron or the female driver, and the rental period had lapsed.

---

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Claybron maintained that he had permission from the renters of the car, John and Laura, but they appear to have been fictionalized as the individual in whose name the car was actually rented did not know Claybron. Trooper Schneider called the rental company, which indicated its preference that the car be impounded as the vehicle was overdue.

Pursuant to policy, prior to impounding the vehicle, the troopers performed an exterior search around the vehicle with the assistance of a drug dog, but did not uncover any drugs as a result of those searches. About fifteen minutes into the stop, Claybron gave the troopers his permission to search the vehicle. At trial, Trooper Schneider described this as a common occurrence, stating that "[a] true drug trafficker will give consent to search." Approximately fifty minutes into the stop, the driver asked the troopers to recover several of her belongings from the vehicle, including forty dollars in cash from the cup holder. The troopers complied with the request and upon retrieving the cash, the cup holder containing the cash came loose, exposing the area underneath it. There, in plain sight, the troopers uncovered distribution quantities of cocaine and heroin. Claybron was then arrested and a subsequent search of an affiliated address produced substantial amounts of cocaine, heroin, and cash.

Later that same day, Claybron was questioned by Officer Christopher Nybeck. After approximately twenty-five minutes during which Claybron provided verifiably false information, Officer Nybeck terminated the interview and told Claybron that he would be brought to the federal courthouse the following day to face charges. In response, Claybron admitted that the first part of the interview was mostly "bullshit" and resumed the interview in a much more "forthcoming" manner, according to Officer Nybeck. Claybron then admitted that he had indeed gone to Chicago to retrieve drugs. The aforementioned charges followed.

At trial, the prosecution made repeated references to an earlier unrelated case involving eight defendants, none of which were Claybron, in order to establish the credibility of the confidential informant and the context from which her tips on

Claybron's activity arose. Claybron's attorney never objected to this testimony and likewise referenced this separate case both in his opening statement and in questioning witnesses. After four days of trial, the jury returned a guilty verdict on all three counts and Claybron was sentenced to seventy-two months in prison.

Claybron then timely filed this appeal.

## **DISCUSSION**

### **A. Search Warrants**

Claybron argues that the omission of the confidential informant's background information weighed so heavily on her credibility that, had it been considered, the warrant would not have issued. "We review the trial court's findings of fact for clear error and we give deference to the inferences drawn from those facts by law enforcement officers, the court that issued the search warrants, and the trial court." *United States v. Reinholz*, 245 F.3d 765, 773 (8th Cir. 2001) (citations omitted). In order to succeed on this claim, Claybron must demonstrate: 1) either that the exclusion of the background information was intended to mislead the issuing court or that the information was omitted with reckless disregard for the affidavit's veracity and also 2) that if the information had been included, the court would not have found probable cause. *Id.* at 774. Claybron has failed to establish either of these two elements. The omission of this information is not "so suspect that it necessarily vitiates probable cause," *see United States v. Ketzeback*, 358 F.3d 987, 991 (8th Cir. 2004) (citations omitted), and indeed was reasonable to protect the identity of the confidential informant. In any event, Claybron can show no prejudice, as independent facts corroborated the information provided by the confidential informant. Accordingly, we affirm the district court's rulings concerning the search warrants.

## B. Suppression of Evidence

Claybron's argument that evidence should have been suppressed due to an unlawfully prolonged detention fails because, given the circumstances, the duration of the traffic stop was reasonable. While Claybron is correct that a "constitutionally permissible traffic stop can become unlawful . . . 'if it is prolonged beyond the time reasonably required to complete' its purpose," this is not such a case. *See United States v. Peralez*, 526 F.3d 1116, 1119 (8th Cir. 2008) (quoting *Illinois v. Caballes*, 543 U.S. 405, 407, 125 S. Ct. 834, 160 L. Ed. 2d 842 (2005)). Claybron's stop required arrangements with the car rental company and an inventory of the car prior to impounding it, permitting a stop "for a longer duration than when no such complications arise." *See United States v. Murillo-Salgado*, 854 F.3d 407, 415 (8th Cir. 2017) (internal quotation marks and citations omitted). Additionally, Claybron's express consent to a search and the driver's request that the troopers search the cup holder each permitted the discovery of the evidence in plain sight. *See, e.g.*, *United States v. Munoz*, 590 F.3d 916, 920–921 (8th Cir. 2010) (even if a stop is impermissibly prolonged, if the encounter becomes consensual, the Fourth Amendment is not implicated); *United States v. Nichols*, 344 F.3d 793, 799 (8th Cir. 2003) (per curiam) (the plain view doctrine allows officers to "seize an item if they have a lawful right of access to the item seized and the object's incriminating nature is immediately apparent."). Because the search was not unlawfully prolonged and did not exceed the scope of consent, the evidence was properly admitted.

## C. Admission of Testimony at Trial

This court also is not convinced that the trial court erred in admitting 1) testimony regarding the unrelated drug conspiracy and 2) comments on both the typical behavior of "drug traffickers" and a characterization of Claybron's answers during questioning as "not honest." We address each argument in summary fashion.

## 1. Unrelated Drug Conspiracy

Claybron suggests that the jury was likely to confuse Claybron's circumstances with that of another drug conspiracy and, thus, the trial court should have excluded all references to that separate case. Because Claybron did not make a timely objection at trial, we review the trial court's admission of that testimony for plain error. *See United States v. Farrell*, 563 F.3d 364, 377 (8th Cir. 2009). There is scant evidence to suggest "that any unfair prejudice outweighed the probative value" of this background information. *See United States v. Drapeau*, 414 F.3d 869, 875 (8th Cir. 2005). In fact, Claybron's repeated elicitation of testimony similar to that which he now argues should be excluded is a strong indicator that not even he found it to be prejudicial. Giving "substantial deference" to the district court's admission of this evidence under Rule 403 of the Federal Rules of Evidence, we affirm the lower court's decision. *See United States v. Condon*, 720 F.3d 748, 754–55 (8th Cir. 2013) (citations omitted).

## 2. Statements of Law Enforcement

Claybron further argues that the district court abused its discretion by failing to exclude allegedly prejudicial testimony that characterized Claybron's interview with law enforcement as "not honest," as well as that referring to the common behavior of "drug traffickers." The district court did not abuse its discretion when it allowed Officer Nybeck to testify that he found Claybron's statement to be "not honest." The testimony was unlikely to have a prejudicial effect as Claybron himself described his responses as largely fabricated. But even if the testimony was prejudicial, any impact was cured when the court instructed the jury to disregard the testimony. *See United States v. Espinosa*, 585 F.3d 418, 428 (8th Cir. 2009) ("Admission of a prejudicial statement is normally cured by striking the testimony and instructing the jury to disregard the remark.").

Whether the trial court erred in allowing Trooper Schneider's testimony that a "true drug trafficker" would consent to a traffic search, as Claybron had done, is a

closer call. However, while that statement may have been more suggestive than would be desirable, any error in its admission does not rise to the level of abuse of discretion. Not only is there is no indication that this specific testimony "affected the defendant's substantial rights," but also there was overwhelming evidence supporting Claybron's conviction such that any import of this testimony was exceptionally limited. *See United States v. Two Shields*, 497 F.3d 789, 792 (8th Cir. 2007); *see also United States v. Summage*, 575 F.3d 864, 877 (8th Cir. 2009) ("Even if any rulings were erroneous, they would have had little, if any, effect on the jury's verdict, given the strength of the evidence against [defendant].").

We therefore affirm the admission of the testimony Claybron now contests.

### D. Motion for a Mistrial

Claybron takes issue with the trial court's denial of his motion for a mistrial, which we review for abuse of discretion. *See United States v. O'Dell*, 204 F.3d 829, 834 (8th Cir. 2000). Claybron alleges that the prosecutor's closing argument implied a shifted burden of proof by suggesting that Claybron should have called certain witnesses. However, a trial court has broad discretion to guide opening and closing statements and any misconduct here was mitigated by curative actions taken by the court and the prosecution, both of which reminded the jury that no burden fell on Claybron. *See United States v. Conrad*, 320 F.3d 851, 855 (8th Cir. 2003). That, combined with the strength of the evidence, indicate that there was insufficient prejudicial effect to suggest an abuse of discretion. *See id.* Thus, we affirm the ruling of the district court.

### CONCLUSION

For the foregoing reasons, this court affirms the decisions of the trial court as to all issues raised on appeal.

_____